PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WILLIAM T. KNOX,

*Petitioner,*

v.

No. 04-2486

UNITED STATES DEP'T OF LABOR,

*Respondent.*

On Petition for Review of an Order
of the United States Department of Labor.
(03-40; 01-CAA-3)

Argued: October 25, 2005

Decided: January 17, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Petition granted and remanded by published opinion. Judge Shedd
wrote the opinion, in which Judge Motz and Judge Traxler joined.

## COUNSEL

**ARGUED:** Richard Edward Condit, PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY, Washington, D.C., for
Petitioner. Mary J. Rieser, UNITED STATES DEPARTMENT OF
LABOR, Office of the Solicitor, Washington, D.C., for Respondent.
**ON BRIEF:** Howard M. Radzely, Solicitor of Labor, Steven J.
Mandel, Associate Solicitor, Paul L. Frieden, Counsel for Appellate
Litigation, UNITED STATES DEPARTMENT OF LABOR, Wash-
ington, D.C., for Respondent.

**OPINION**

SHEDD, Circuit Judge:

   William T. Knox filed an administrative complaint claiming that his employer, the United States Department of Interior ("DOI"), violated the whistle-blower provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7622 (2005). An Administrative Law Judge ("ALJ") granted Knox relief on his complaint. The DOI appealed the ALJ's decision to the Administrative Review Board ("ARB") of the United States Department of Labor ("DOL"), which dismissed the complaint based on its conclusion that Knox did not engage in a protected activity under the CAA. Knox seeks judicial review of the ARB's decision. We grant Knox's petition for review and remand for further proceedings consistent with this opinion.

I.

   Knox began working as a Training Instructor at the National Park Service Job Corps Center ("Center") in Harper's Ferry, West Virginia, on November 21, 1999.[1] Knox's duties included acting as the safety officer for the Center. While accompanying a United States DOL Occupational Safety and Health Administration ("OSHA") officer on a regularly scheduled safety inspection of the Center's facilities in December 1999, Knox learned that some of the Center's buildings contained asbestos. At some point, Knox also found an "Asbestos Survey Report" dated September 8, 1993, and an OSHA "Notice of Unsafe or Unhealthful Conditions" issued after a previous inspection in January 1999. Both noted the presence of asbestos in buildings at the Center.

   In January 2000, Knox told DOI management officials that the Center had an asbestos problem. He said that employees, students, and contractors at the Center may have been exposed to hazardous asbestos in the workplace and that they should be informed of their potential exposure. Knox testified that, after raising his asbestos concerns, DOI management threatened to reduce his job duties and pay.

---

   [1]This recitation of the facts underlying Knox's claim is taken from the findings of the ARB in its order of dismissal. J.A. 100-01.

After receiving this threat, Knox filed the first of three whistle-blower actions with the Merit Systems Board, in which he contended that he was exposed to asbestos and that he worked in unsafe and unhealthful conditions. Knox then wrote a letter to the DOI Office of Special Counsel in February 2000, again expressing his concern that employees, students, and contractors had been exposed to asbestos at the Center. Knox also faxed a letter to DOI Secretary Bruce Babbitt on March 7, 2000, stating that DOI managers had harassed and discriminated against him because he had revealed the asbestos problems at the Center.

On March 13, 2000, the director of the Center, Jay Weisz, fired Knox.[2] Weisz believed Knox was a probationary employee whose employment could be terminated at will. Upon discovering that Knox was actually a permanent employee, the DOI reinstated Knox on March 18, 2000, and removed all reference to the firing from his record.

Knox filed this whistle-blower action in April 2000 alleging violations of the CAA. An ALJ conducted a hearing and issued a recommended decision and order concluding that the DOI had violated the CAA. The ALJ stated that "[t]he totality of this closed record ineluctably lends to the conclusion that Mr. Knox had engaged in protected activities, that the [DOI], through its agents and employees, knew of such activities and that Mr. Knox experienced adverse personnel actions solely because of such activities." J.A. 15. The ALJ ordered reinstatement, back pay, compensatory damages, exemplary damages, and attorneys' fees. The ALJ also prohibited the DOI from further retaliation, ordered it to clear Knox's record, and required it to publicly post the order.

Upon the DOI's appeal, the ARB rejected the ALJ's analysis and dismissed Knox's complaint. The ARB reasoned that because the CAA is concerned with the pollution of "ambient air," *i.e.*, air external to buildings, and Knox only complained of asbestos within his workplace, he did not engage in protected activity under the CAA. Specifically, under the ARB's announced standard, "[t]o establish that he engaged in CAA protected activity, Knox must prove that when he expressed his concerns about the asbestos to DOI managers, the DOI

---

[2]The ARB's order does not provide the reasons for Knox's firing.

office of Special Counsel, and Secretary Babbitt, he reasonably believed that DOI was emitting asbestos into the ambient air." J.A. 102. Determining that Knox made no such showing, the ARB dismissed his complaint. Knox filed this petition for review of the ARB's order.

## II.

Under the Administrative Procedure Act ("APA"), federal courts can overturn an administrative agency's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E) (2005). Pursuant to the APA's scheme of reasoned decisionmaking, an administrative agency "must be required to apply in fact the clearly understood legal standards that it enunciates in principle." *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 376 (1998). We review the ARB's interpretation of the CAA under the deferential standard set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

## III.

The CAA is a comprehensive program for controlling and improving the nation's air quality. *1000 Friends of Md. v. Browner*, 265 F.3d 216, 220 (4th Cir. 2001). The whistle-blower provision of the CAA prohibits an employer from discharging or discriminating against an employee for instituting proceedings for enforcement of the Act or carrying out the purposes of the Act. 42 U.S.C. § 7622(a); *see also* 29 C.F.R. § 24.2 (2005). To state a claim under the whistle-blower provision, an employee must establish that his employer retaliated against him because he engaged in a protected activity. *See Sasse v. United States DOL*, 409 F.3d 773, 779 (6th Cir. 2005).

The ARB concluded that Knox's whistle-blower claim fails because he did not engage in a protected activity. As noted above, the ARB held that "[t]o establish that he engaged in CAA protected activity, Knox must prove that when he expressed his concerns about the asbestos to DOI managers, the DOI office of Special Counsel, and Secretary Babbitt, he reasonably believed that DOI was emitting asbestos into the ambient air." J.A. 102. In his petition for review,

Knox argues that the ARB read the CAA too narrowly when it set forth this standard for protected activity. Even assuming, as the DOL argues, that the ARB's standard is a permissible construction of the CAA under *Chevron*, we nonetheless find that its application of this standard was improper under the circumstances of this case.[3]

In considering whether Knox proved that he reasonably believed that asbestos was emitting into the ambient air, the ARB cited evidence showing that Knox's complaints to management concerned the presence of asbestos in the workplace generally, as opposed to the potential that asbestos was emitting into the ambient air. However, the ARB then stated:

> On the other hand, we are quick to point out that Knox testified that he observed asbestos escaping into the outside, ambient air via an exhaust fan in the maintenance shop of the Job Corps Center. But Knox's burden is to prove that when he actually expressed concerns about asbestos to DOI management officials, he reasonably believed that asbestos was escaping into the air outside the Center's buildings, thereby posing a risk to the general public. We have no evidence that Knox ever told DOI officials about the exhaust fan. Consequently, testimony merely that he observed asbestos escaping through the exhaust fan does not establish that Knox's activities are protected under the CAA.

---

[3]We are not convinced that a reasonable belief of a release into the ambient air is even the correct standard in all cases under the whistleblower provision of the CAA. There are several ways to violate the CAA and its implementing regulations without releases into the ambient air. *See*, *e.g.*, 42 U.S.C. § 7412(h)(1) (allowing EPA to establish work practice standards for pollutants such as asbestos); 40 C.F.R. § 61.150 (setting forth standards for "waste disposal for manufacturing, fabricating, demolition, renovation, and spraying operations" involving asbestos, some of which can be violated without releases of asbestos into the ambient air); *United States v. Ho*, 311 F.3d 589, 594-95 (5th Cir. 2002) (discussing work practice standards involving asbestos). Thus, depending on the circumstances, an employee could reasonably believe his employer was violating the CAA, even if no release into the ambient air occurred.

J.A. 104.

From the quoted paragraph, it is apparent that the ARB altered its protected activity standard from an inquiry into Knox's reasonable beliefs to a *requirement* that Knox *actually conveyed* his reasonable beliefs to management. Although the contents of Knox's complaints may provide evidence of his reasonable beliefs, it does not follow that he must have necessarily conveyed a notion to have reasonably believed it, as the ARB demanded of him. Indeed, in the very first sentence of this paragraph, the ARB seemed to accept as true, evidence that Knox did, in fact, reasonably believe that asbestos was emitted into the ambient air.[4] Given the standard that the ARB initially announced, requiring Knox to have reasonably believed that asbestos was being emitted into the ambient air, and the ARB's acceptance that Knox observed asbestos escaping into the ambient air, we conclude that Knox has engaged in a protected activity under the CAA as interpreted by the ARB.

IV.

Accordingly, we grant the petition for review and remand the case for further proceedings consistent with this opinion.[5]

*PETITION GRANTED AND REMANDED*

---

[4]Because the ARB required Knox to convey his reasonable beliefs to management to have engaged in a protected activity, it applied a different standard than formally announced and breached the requirement of reasoned decisionmaking under the APA. *See Allentown*, 522 U.S. at 374 ("It is hard to imagine a more violent breach of that requirement [of reasoned decisionmaking] than applying a rule of primary conduct or a standard of proof which is in fact different from the rule or standard formally announced.").

[5]The ARB must now determine whether the DOI retaliated against Knox because he engaged in that protected activity. *See Sasse*, 409 F.3d at 779. While the protected activity standard announced by the ARB did not require Knox to convey his reasonable beliefs to DOI management, DOI's awareness of his complaints may prove relevant in an analysis of the causal connection between his protected activity and the adverse action.