**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1726**

_____

WILLIAM T. KNOX,

Petitioner,

versus

UNITED STATES DEPARTMENT OF LABOR,

Respondent.

_____

On Petition for Review of an Order of the Administrative Review
Board.  (06-89; 01-CAA-3)

_____

Argued:  March 14, 2007                    Decided:  May 23, 2007

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Petition for review granted in part, order vacated in part, and
remanded by unpublished per curiam opinion.

_____

**ARGUED:** Richard Edward Condit, PUBLIC EMPLOYEES FOR ENVIRONMENTAL
RESPONSIBILITY, Washington, D.C., for Petitioner.  Mary J. Rieser,
UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor,
Washington, D.C., for Respondent.  **ON BRIEF:** Howard M. Radzely,
Solicitor of Labor, Steven J. Mandel, Associate Solicitor, Paul L.
Frieden, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT
OF LABOR, Office of the Solicitor, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William T. Knox filed an administrative complaint alleging that the United States Department of the Interior ("DOI") violated the whistleblower provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7622. In Knox v. United States Department of Labor, 434 F.3d 721 (4th Cir. 2006), we vacated a prior order of the United States Department of Labor Administrative Review Board ("ARB"), which had dismissed Knox's complaint, and remanded this case for further proceedings. On remand, the ARB again dismissed Knox's complaint, and he now petitions for review of the ARB's second order. For the reasons set forth below, we grant in part the petition for review, vacate in part the second order, and remand for further proceedings.

I

We previously set forth the underlying facts in Knox. See 434 F.3d at 722-23. Stated generally, DOI employed Knox at the National Park Service Job Corps Center ("Center") in Harper's Ferry, West Virginia. Knox's duties included acting as the Center's safety officer. In this capacity, Knox became concerned about the presence of asbestos at the Center and reported his concerns to DOI officials. According to Knox, DOI management retaliated against him because of his asbestos reports. Knox eventually filed this whistleblower action. After conducting a

2

hearing, an administrative law judge ("ALJ") found that DOI had violated the CAA by retaliating against Knox. On DOI's appeal, the ARB rejected the ALJ's decision and dismissed Knox's complaint, finding that he had not engaged in protected activity under the CAA.[1] Knox then filed a petition for review of the ARB's order.

In Knox, we concluded that the ARB had misapplied the legal standard it had announced for CAA-protected activity, and we therefore granted Knox's petition for review. Specifically, we noted that the ARB had stated that to establish he engaged in protected activity under the CAA, Knox had to prove he reasonably believed DOI was emitting asbestos into the "ambient air" (i.e., air external to buildings) when he expressed his concerns to DOI officials. In attempting to apply this standard, the ARB recognized that Knox testified he had observed asbestos escaping from the Center into the ambient air through an exhaust fan, but it nonetheless found that he had not engaged in protected activity because he had not told DOI management about the exhaust fan.

Noting that there "are several ways to violate the CAA and its implementing regulations without releases into the ambient air," we expressed our doubts about the correctness of the ARB's "ambient

---

[1]An employee asserting a CAA whistleblower claim "must establish that his employer retaliated against him because he engaged in a protected activity." Knox, 434 F.3d at 724.

3

air" standard, <u>Knox</u>, 434 F.3d at 724 n.3,[2] but we determined that the ARB's decision was incorrect even under that standard because the evidence established that Knox did, in fact, reasonably believe that asbestos was escaping into the ambient air.  As we explained, "[a]lthough the contents of Knox's complaints may provide evidence of his reasonable beliefs, it does not follow that he must have necessarily conveyed a notion to have reasonably believed it, as the ARB demanded of him."  <u>Id.</u> at 725.  Accordingly, we held that Knox had engaged in CAA-protected activity under the ARB's "ambient air" standard, and we remanded the case to the ARB for further proceedings.  In doing so, we instructed the ARB to determine whether DOI retaliated against Knox because of this protected activity, and we noted that "[w]hile the protected activity standard announced by the ARB did not require Knox to convey his reasonable beliefs to DOI management, DOI's awareness of his complaints may prove relevant in an analysis of the causal connection between his protected activity and the adverse action."  <u>Id.</u> at n.5.

---

[2]We stated that "depending on the circumstances, an employee could reasonably believe his employer was violating the CAA, even if no release into the ambient air occurred," and we pointed to 42 U.S.C. § 7412(h)(1), which authorizes the EPA to establish work practice standards for certain pollutants such as asbestos, and 40 C.F.R. § 61.150, which is an EPA-work practice standard for handling asbestos in certain building and demolition sites.  <u>Knox</u>, 434 F.3d at 724 n.3.

On remand, the ARB expressly acknowledged our skepticism about its previously announced "ambient air" standard, and it agreed with our suggestion that the CAA standard for protected activity is broader. Consequently, the ARB stated "that an employee engages in protected activity under the CAA when he or she expresses a concern, and reasonably believes, that the employer has either violated an [EPA] regulation implementing the CAA or has emitted or might emit, at a risk to the general public, potentially hazardous materials into the ambient air." J.A. 148. The ARB then rejected Knox's claim for two reasons. First, the ARB concluded, without elaboration, that "Knox neither argues nor does the record contain any evidence that DOI was violating any EPA regulations implementing the CAA." J.A. 148 n.5. Second, the ARB found that Knox did not express his concern about asbestos escaping through the exhaust fan to DOI officials, and "since DOI was not aware of Knox's protected activity, it could not have retaliated against him because of his protected activity." J.A. 149. Accordingly, the ARB dismissed Knox's complaint.

II

In challenging the dismissal of his complaint, Knox primarily argues that the ARB erred by focusing on the ambient air issue. Knox contends that the ARB improperly disregarded evidence concerning his belief that DOI had violated EPA-work practice

5

standards. Knox states that he "was concerned about renovations and maintenance activity that had disturbed the asbestos, causing it to be emitted into the air and posing a hazard to students, staff and visitors at the Center. He expressed these concerns on a number of occasions, both to his direct supervisor and other DOI management officials, as well as to outside agencies such as the EPA." Brief for Petitioner, at 11. For her part, the Secretary of Labor primarily argues that substantial evidence supports the ARB's finding that DOI did not retaliate against Knox because DOI was not aware of Knox's reasonable belief that asbestos was being emitted into the ambient air from the Center. Reading our Knox opinion narrowly, the Secretary also contends that "the EPA work-practice standard regulations are not implicated in the relevant causal relationship analysis," and that in any event "the evidence does not show that, before Knox filed his whistleblower complaint . . ., DOI was aware of any concerns Knox might have had relating specifically to violations of these work-practice standards." Brief for the Secretary of Labor, at 23 & n.13.

To the extent that Knox's claim is based on his concern about asbestos escaping into the ambient air from the Center, we hold that the ARB's decision is supported by substantial evidence. As Knox's counsel admitted at oral argument, there is no evidence in the record to establish that Knox specifically reported his concern about asbestos escaping into the ambient air from the Center to DOI

6

officials, and he has not pointed to any evidence that otherwise sufficiently establishes that DOI was aware of Knox's ambient air concern. Thus, although Knox may have engaged in protected activity regarding ambient air emissions under the ARB's previously announced standard because he reasonably believed that asbestos was being emitted from the Center, see Knox, 434 F.3d at 725, DO could not have retaliated against him because of this belief because of his failure to bring it to the attention of DO officials. See generally Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) ("Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish" the causal connection between the protected activity and an adverse action).

To the extent that Knox's claim is based on his concern about EPA-work practice standard violations, we believe that a remand is necessary for further consideration by the ARB. As we noted, in rejecting this aspect of Knox's claim the ARB stated simply that "Knox neither argues nor does the record contain any evidence that DOI was violating any EPA regulations implementing the CAA." J.A. 148 n.5. We find this conclusion to be problematic for at least two reasons. First, although it suggests that Knox is required to prove that DOI was actually violating EPA regulations in order to prevail on his claim, Knox is only required to prove that he had a

good-faith, reasonable belief that DOI was violating an applicable EPA regulation and that he expressed that belief to DOI.  Second, Knox has, in fact, presented some evidence that arguably tends to establish that he informed DOI officials about his concern that EPA-work practice standards had been violated.  See, e.g., J.A. 348 (Knox stating in a letter to the DOI Secretary that "[o]ver the years, . . . EPA Laws . . . had been violated").  On remand, the ARB should reconsider the entire record in light of Knox's contention that he reported EPA-work practice standard violations to DOI management, and it should specifically explain its findings and legal conclusions.  In remanding this case, we express no opinion on the ultimate merits of this issue.

### III

Based on the foregoing, we grant in part the petition for review, vacate in part the ARB's order, and remand this case for further proceedings consistent with this opinion.

PETITION FOR REVIEW GRANTED IN PART,
ORDER VACATED IN PART, AND REMANDED